UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GREEN HAVEN PRISON PREPARATIVE
MEETING OF THE RELIGIOUS SOCIETY OF
FRIENDS, *et al.*,

                  Plaintiffs,

v.

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION, *et al.*,

                  Defendants.

No. 18-CV-8497 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

At Oral Argument on October 30, 2019, the Court denied Plaintiffs' Motion for a Preliminary Injunction (the "PI Motion"). (Dkt. No. 61.) Before the Court is Plaintiffs' Motion for Reconsideration of that ruling (the "Motion"). (Dkt. Nos. 62–63.) For the following reasons, Plaintiffs' Motion is denied.

### I. Discussion

"Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Arthur Glick Truck Sales, Inc. v. Stuphen E. Corp*, 965 F. Supp. 2d 402, 404 (S.D.N.Y. 2013) (citation and quotation marks omitted), *aff'd*, 577 F. App'x 11 (2d Cir. 2014). The standard for such motions is "strict" and "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543,

2017 WL 3443623, at *1 (S.D.N.Y. Aug. 9, 2017) ("It is well established that the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [c]ourt." (citation and quotation marks omitted)). A movant may not "rely upon facts, issues, or arguments that were previously available but not presented to the court." *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 523 (S.D.N.Y. 2014) (citation omitted). Nor is a motion for reconsideration "the proper avenue for the submission of new material." *Sys. Mgmt. Arts, Inc. v. Avesta Tech., Inc.*, 106 F. Supp. 2d 519, 521 (S.D.N.Y. 2000). "Rather, to be entitled to reconsideration, a movant must demonstrate that the [c]ourt overlooked controlling decisions or factual matters that were put before it on the underlying motion, which, had they been considered might reasonably have altered the result reached by the court." *Arthur Glick Truck Sales*, 965 F. Supp. 2d at 405 (citation and quotation marks omitted); *Shrader*, 70 F.3d at 257 (same). In other words, "[a] motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Alvarez v. City of New York*, No. 11-CV-5464, 2017 WL 6033425, at *2 (S.D.N.Y. Dec. 5, 2017) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)); *see also Indergit*, 52 F. Supp. 3d at 523 (same).

The Court has reviewed the submitted documents. (*See* Not. of Mot.; Pls.' Mem. in Supp. of Mot. ("Pls.' Mem."); Defs.' Mem. in Opp'n to Mot. ("Defs.' Mem.") (Dkt. Nos. 62–63, 67)). Here, Plaintiffs have identified no intervening change of controlling law, availability of new evidence, or need to correct a clear error. *See Alvarez*, 2017 WL 6033425, at *2. Instead, Plaintiffs reiterate the same arguments that were expressly considered and rejected in the Court's

2

ruling. Because Plaintiffs "seek[] solely to relitigate an issue already decided," *Shrader*, 70 F.3d at 257, pointing to no issue that the Court did not expressly consider and no case law or fact that the Court overlooked, the Motion is denied. *See Cyrus v. City of New York*, 450 F. App'x 24, 26 (2d Cir. 2011) (affirming denial of motion for reconsideration where the plaintiff "fail[ed] to point to any case law or other relevant information that the district court overlooked," and his arguments merely "amount[ed] to a disagreement with the district court's conclusions with respect to the case law that was already before it"); *Bryant v. AB Droit Audiovisuels*, No. 07-CV-6395, 2017 WL 2954764, at *2 (S.D.N.Y. July 11, 2017) ("[A] party's disagreement with a [c]ourt's decision is simply not a basis for reconsideration."); *Women's Integrated Network, Inc. v. U.S. Specialty Ins. Co.*, No. 08-CV-10518, 2011 WL 1347001, at *1 (S.D.N.Y. Apr. 4, 2011) ("The Court will not re-litigate the merits of the underlying dispute on a motion for reconsideration."), *aff'd*, 495 F. App'x 129 (2d Cir. 2012); *Grand Crossing, L.P. v. U.S. Underwriters Ins. Co.*, No. 03-CV-5429, 2008 WL 4525400, at *4 (S.D.N.Y. Oct. 6, 2008) ("Because [the] [p]laintiffs present no new factual information or law that requires a different outcome in the underlying motion, reconsideration is inappropriate." (citation omitted)); *Davidson v. Scully*, 172 F. Supp. 2d 458, 464 (S.D.N.Y. 2001) ("Although plaintiff might see this motion as a way to vent his frustration and point out where he believes the Court erred in its reasoning, that is not the purpose of a Rule 59(e) motion for reconsideration.").

## II. Conclusion

For the foregoing reasons, Plaintiffs' Motion for Reconsideration is denied.

The Clerk of the Court is respectfully requested to terminate the pending Motion. (Dkt. Nos. 62–63).

SO ORDERED.

Dated: December 3, 2019
      White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE